UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**IDMWORKS, LLC,**                                    Case No. 16-cv-20627-JAL

       Plaintiff,

**v.**

**GAURAV POPHALY**

       Defendant
_____ /

### ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Gaurav Pophaly ("Defendant"), by and through his undersigned counsel, respectfully files this Answer and Affirmative Defenses and in support states as follows:

### STATEMENT OF THE CASE

1. ADMIT that that IMDWORKS, LLC ("Plaintiff" or "Employer") brought this action to recover from Defendant. DENY all remaining allegations.

### PARTIES

2. ADMITTED.

3. ADMITTED

### JURISDICTION AND VENUE

4. ADMITTED for jurisdictional purposes only. DENIED in all other respects.

5. ADMIT that venue is proper in Miami-Dade County, Florida. DENY all remaining allegations.

## GENERAL ALLEGATIONS

### The Relationship Between Employer and Employee

6. ADMITTED.

7. ADMITTED.

8. ADMIT that Plaintiff trained Defendant in IAM services and that the training was necessary to perform some of the services provided by Plaintiff to customers. DENY that the IAM services training was specialized and detailed, aver that Defendant had significant IAM training prior to working with Plaintiff. Further aver that Defendant trained himself and studied on his own time for many of the certifications at issue.

9. ADMITTED.

### Employee Agreed to Treat Certain Information as Confidential Information

10. DENY that Defendant is bound by a confidentiality covenant. Admit that the Agreement contains the quoted language but otherwise DENIED.

11. Admit that the Agreement contains the quoted language but otherwise DENIED.

12. ADMITTED that the Agreement contained the quoted language but DENIED that the language from the Agreement is true or enforceable.

13. DENIED.

14. ADMITTED.

15. ADMITTED that the Agreement contained the quoted language but DENIED that such language is enforceable, DENIED that Defendant is bound by a non-competition agreement and DENIED in all other respects.

16. DENY that geographic and temporal scope of the non-competition covenant is reasonable. ADMITTED in all other respects.

17. DENIED.

18. ADMIT that Defendant uploaded some information from EY's computer to Plaintiff's Google Drive for purposes of transferring that information to EY's new consultant. DENY that the information originated in Plaintiff's data storage. Aver that the information and files at issue were property of EY.

19. DENIED.  Aver that Defendant transferred the files that were property of EY in the ordinary course of his job.

20. DENIED.

21. ADMIT that the information was not available to the general public and that Plaintiff did not grant Defendant authorization to make EY's files available to EY's new consultant. DENY that information was stolen. Aver that the information did not belong to Plaintiff.

22. ADMIT that Employee denies having misappropriated information, and aver that Employee cannot cause return of the information not in his possession.

**Employee Tortiously Interfered With an Advantageous Business Relationship**

23. DENY that Plaintiff had an advantageous business relationship, and aver that Plaintiff had a term contract to provide services to EY.

24. ADMITTED.

25. DENIED.

26. DENIED.

27. ADMIT that Employee accepted a position with EY. DENY in all other respects.

28. Defendant is without sufficient knowledge to admit or deny.

29. ADMIT that Employee accepted a position at EY. DENY that goal was to provide the same services that Employee had previously provided to EY.

30. DENIED.

31. ADMITTED.

32. DENIED.

**Employer Will Suffer Irreparable Harm by Virtue of Employee's Misconduct**

33. DENIED.

34. DENIED.

35. DENIED.

36. DENIED.

37. DENIED.

38. DENIED.

39. DENIED.

40. ADMITTED.

**Count I**
**Injunctive Relief**

41. Defendant restates Paragraphs 1-40 as if fully incorporated herein.

42. ADMITTED that there was an agreement. DENIED that the agreement is enforceable.

43. DENIED.

44. DENIED.

45. DENIED.

46. ADMITTED that the Agreement contains the quoted language but DENIED that such language is enforceable.

47. ADMITTED that the Agreement contains the quoted language but DENIED that such language is enforceable.

48. DENIED.

49. DENIED.

50. DENIED.

## COUNT II
## BREACH OF CONTRACT

51. Defendant restates Paragraphs 1-40 as if fully incorporated herein.

52. ADMITTED that there was an agreement. DENIED that the agreement is valid and enforceable.

53. DENIED.

54. DENIED.

55. DENIED.

## COUNT III
## CONVERSION

56. Defendant restates Paragraphs 1-40 as if fully incorporated herein.

57. DENIED.

58. DENY that Employer developed the information. ADMIT that Employer kept information secure. ADMIT that Employer never granted Employee permission to provide information to a third party, but aver that information does not belong to Employer.

59. DENIED.

60. DENIED.

61. DENIED.

**COUNT IV**
**TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP**

62. Defendant restates Paragraphs 1-40 as if fully incorporated herein.

63. DENIED.

64. DENIED.

65. DENIED.

66. DENIED.

67. DENIED.

68. DENIED.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, by the affirmative defense of illegality. The restrictive covenants at issue constitute unlawful restraints on trade in that they lack a legitimate business interest to support them. Plaintiff does not have a legitimate business interest because (1) the information at issue belonged to EY, not Defendant, (2) Plaintiff did not provide extraordinary or specialized training to Plaintiff, and (3) there is no harm to Plaintiff's goodwill because Defendant never engaged in any conduct that would impact Plaintiff's brand and reputation.  Defendant did not allege that it had a legitimate business interest in substantial customer relationships, and there is no other legitimate business interest that justifies enforcement of any restrictive covenants. The restrictive covenants, therefore, constitute unlawful restraints of trade and are therefore illegal and unenforceable.

To the extent any legitimate business interest exists, the restrictions are nonetheless unenforceable as written in that they are overbroad, overlong, and otherwise unreasonable. The covenants are overbroad because they prohibit Defendant from working with any company

within a hundred mile radius from (1) any location Defendant conducted business during his employment with Plaintiff; (2) places of business of any of Plaintiff's customers, regardless of whether Defendant provided services to such customers; (3) Place(s) of business of any potential customers; and (4) any location where Plaintiff solicited business during the term of Defendant's employment with Plaintiff. Additionally, the covenants are overbroad in that they prohibit Defendant from providing services to any company Plaintiff has ever provided consulting services to, regardless of whether such services were provided during the term of the Defendant's employment with Plaintiff. The restrictive covenants are overlong because they prohibit Defendant from working with a vast list of customers with whom Plaintiff never had a relationship with or no longer has a relationship with for a period of two years. Finally, the restrictive covenants are unreasonable because they represent an attempt by Plaintiff to prevent competition per se, even though Defendant gained no unfair competitive advantage as a result of being employed by Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the affirmative defense of prior material breach. The restrictive covenants in the non-compete agreement are unenforceable because Plaintiff materially breached the employment agreement prior to the Defendant's alleged breach of the Confidentiality, Non-competition, and Non-Solicitation Agreement ("Non-Compete Agreement"). Contrary to a written modification of the employment agreement, Plaintiff failed to give Defendant a timely three-year review and salary increase.  Plaintiff therefore materially breached the employment agreement before Defendant breached the Non-

Compete Agreement. Plaintiff cannot enforce the Non-Compete Agreement following this breach.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the affirmative defense of unclean hands. First, Plaintiff cannot enforce a restrictive covenant against Defendant because Plaintiff has a history of engaging in employee poaching and raiding.  Plaintiff has a history of poaching employees from clients with whom it had a contract. Two examples are Richard Kimball and Justin Hinerman, both of whom worked for the University of West Virginia. Mr. Kimball and Mr. Hinerman received offers from Plaintiff while still employed at the University and while Plaintiff had a contract to provide software engineering services to the University.

Next, Plaintiff asked Defendant and other employees to steal documents from clients. Plaintiff now complains that Defendant stole information of that same nature from Plaintiff, an allegation that Defendant vehemently denies. Defendant did not comply with Plaintiff's requests to steal documents from clients and grew uneasy in Plaintiff's employ due to Plaintiff's unethical business practices.

Next, Plaintiff discriminated against Defendant. Specifically, a supervisor employed by Plaintiff repeatedly referred to Defendant as a "faggot" during Defendant's tenure with the Company.

As such, Plaintiff comes to this Court with unclean hands.  Plaintiff cannot advance a cause of action based on alleged behavior in which it has repeatedly engaged.  Plaintiff cannot enforce the restrictive covenants against Defendant who left Plaintiff's employ in part based on Plaintiff's request that Defendant behave illegally and immorally.  And Plaintiff cannot enforce restrictions against an employee who it treated with discriminatory animus.

## JURY TRIAL DEMAND

Defendant demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

Defendant requests judgment be entered in his favor on all counts, an award of costs and reasonable attorneys fees and such other relief as this Court deems just and proper.

Dated:  March 15, 2016.                                          Respectfully submitted,

By: s/  *Jonathan Pollard*

Jonathan E. Pollard
Florida Bar No. 83613
jpollard@pollardllc.com

Pollard PLLC
401 E. Las Olas Blvd. #1400
Fort Lauderdale, FL 33301
Telephone: 954-332-2380
Facsimile: 866-594-5731

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 15, 2016, I caused a true and correct copy of the foregoing to be electronically filed.  All registered counsel are to receive notice of the filing via the Court's electronic case filing system.

By: s/  *Jonathan Pollard*